THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VITORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. V-98-29(1) |
| | § | C.A. No. V-05-109 |
| TWILA DENISE BATES, | § | |
| | § | |
|     Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Twila Denise Bates' ("Bates") 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 146).[1] After considering the petitioner's arguments and the applicable law, the Court is of the opinion that the motion should be denied.

**Factual and Procedural History**

On November 24, 1998, a jury convicted Bates on three counts of distribution of crack cocaine and one count of conspiracy to distribute crack cocaine. Dkt. No. 56. Bates was sentenced to 240 months imprisonment on each of the distribution counts. Dkt. No. 80. Bates was sentenced to 324 months imprisonment on the conspiracy count because the Court found that Bates was a manager of the conspiracy and accordingly enhanced her sentence three levels. *Id.*; Dkt. No. 91. On October 13, 2000, in an unpublished opinion, the Fifth Circuit affirmed Bates's conviction on all counts and her sentence on the distribution charges but vacated her sentence on the conspiracy charge. *United States v. Bates*, No. 99-40360 (5th Cir. Oct. 17, 2000). The Fifth Circuit remanded for re-sentencing on the conspiracy charge with instructions to the Court to make specific findings of fact regarding which individuals in the conspiracy Bates had managed. *Id.* On March 22, 2001,

---

[1] Citations in this Order refer to CR. No. V-98-29(1).

the Court held a second sentencing hearing and after making the required factual findings again sentenced Bates to 324 months imprisonment. Dkt. No. 111. The Court entered judgment as to Bates' re-sentencing on March 30, 2001. Dkt. No. 112. Bates failed to timely appeal her re-sentencing and her conviction became final on April 10, 2001. *See* FED. R. APP. P. 4(b)(1)(A)(i) (if no appeal is taken, a conviction is final ten days following the entry of the judgment of conviction). Bates filed the pending motion on November 3, 2005, the date on her certificate of service. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); Dkt. No. 146.

## Discussion

A motion filed under Section 2255 must be filed within one year of the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Because Bates' conviction became final on April 10, 2001, she had until April 9, 2002 to file her § 2255 motion. Bates failed to file the instant motion until November 3, 2005, several years after the time for doing so had passed.

Bates argues that the beginning date of the applicable one-year limitations period should be reset to January 12, 2005, the date when the Supreme Court decided *United States v. Booker*, 543

U.S. 220 (2005). However, the Fifth Circuit has ruled that *Booker* is not retroactive on collateral review for purposes of postconviction relief under Section 2255. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005). That is, judgments that became final before January 12, 2005 may not claim relief pursuant to *Booker*. Because Bates' conviction became final on April 10, 2001, the rule announced in *Booker* does not apply.[2]

In addition to the relief sought under *Booker*, Bates claims the ineffective assistance of counsel portion of her Section 2255 petition is timely under Section 2255(4). Bates maintains the beginning date of the applicable one-year limitations period should be tolled to January 2005 because, as Bates argues, that was the date on which the facts supporting her claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(4). Bates specifically contends that her attorney's failure at trial to raise an issue regarding the amount of drugs attributable to her could not have been discovered until January 2005. As an initial matter, it appears that Bates' attorney objected to Bates' Presentence Investigation Report ("PSI") on numerous grounds that directly and/or impliedly challenged the amount of drugs attributable to Bates. *See* Dkt. No. 69 (objecting to paragraph 8 of Bates' PSI on the grounds the PSI "does not cite specifically what information it relies upon" to support findings of the amount of crack cocaine sold by Bates). Bates' attorney also objected to the amount of crack cocaine attributable to Bates during her sentencing hearing before the Court. *See* Dkt. No. 91 at pp.11-12, 14, 16-19. More importantly,

---

[2] To the extent Bates argues her counsel was ineffective because her attorney failed to object on *Booker* grounds, the Court finds her arguments unavailing. According to the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that her counsel's performance was both deficient and prejudicial. 466 U.S. at 687. As this Court has previously stated, a defendant's attorney cannot be said to be deficient for failing to predict the *Booker* decision and raise arguments based thereon. *See Arredondo v. United States*, 2006 WL 2414346 at *3 (S.D. Tex. 2006) (citing *Campbell v. United States*, 108 Fd. Appx. 1, *3 (1st Cir. 2004), for the proposition that failure to anticipate *Booker* would not constitute unreasonable performance under *Strickland*, particularly in light of well-established law in circuit that was—at the time—to the contrary).

Bates was present at all stages of her trial and sentencing, and her attorney's alleged actions (or more accurately—omissions) were known to her at the time the Court entered judgment as to Bates' sentencing in 1999 and 2001. For Section 2255(4) tolling to apply, a petitioner must show that the factual predicate for habeas relief could not have been discovered until some later date through the exercise of due diligence. The conduct supporting Bates' claim of ineffective assistance of counsel occurred more than six years before Bates chose to file the pending motion. Such passive indifference constitutes no diligence on Bates' part and falls well short of the due diligence required by Section 2255(4). Bates thus brings forth nothing that persuades the Court to toll the limitations period pursuant to Section 2255(4).

It is clear to the Court Bates has not alleged facts that would support the application of any subsection other than 2255(1). Additionally, the record does not disclose any basis for equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (the limitations period for Section 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases'") (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, Bates' Section 2255 petition is barred by the applicable statute of limitations.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Moreover, a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Bates has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether she would be entitled

4

to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address sua sponte issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473 (2000) (emphasis added); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in context of Section 2255 proceedings). It is unnecessary for the Court to address whether Bates' motion states a valid claim of the denial of a constitutional right, because she cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of her Section 2255 motion on procedural grounds. Under the plain record of this case, her motion is barred by the applicable one-year statute of limitations. Accordingly, Bates is not entitled to a COA.

## Conclusion

For the foregoing reasons, Bates' 28 U.S.C. § 2255 Motion is DENIED. The Court also DENIES Bates a Certificate of Appealability.

It is so ORDERED.

Signed this 10th day of January, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE